U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

FEB 07 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES

versus

TONY BOLAR

CRIMINAL NO. 07-50059-01
JUDGE TOM STAGG

## O R D E R

Before the court is a motion in limine filed by the defendant, Tony Bolar ("Bolar"), seeking to prohibit the offering of extrinsic offense evidence by the government pursuant to Federal Rule of Evidence 404(b). See Record Document 25.

Bolar's motion in limine is **DENIED IN PART**. Bolar's motion is **DENIED** to the extent it seeks to prevent the government from introducing any testimony and argument concerning the possession by Bolar of a 1996 Peterbilt truck that was allegedly stolen in Oklahoma City, Oklahoma in March of 2000, and a Great Dane trailer allegedly stolen in November of 1998 in Russellville, Arkansas.

A thorough review by the court of the case of United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc) and its progeny indicates that these items of

extrinsic evidence (the "other stolen property" evidence) are clearly admissible.

According to Federal Rule of Evidence 404(b), this court is required to determine that the extrinsic offense evidence is relevant to an issue other than the defendant's character. The other stolen property evidence is relevant to show, <u>inter alia</u>, knowledge, modus operandi and absence of mistake or accident. In addition, pursuant to the rule, the evidence must possess probative value that is not substantially outweighed by its undue prejudice. Although all relevant evidence is inherently prejudicial, it is without doubt that the other stolen property evidence possesses probative value that is not *substantially* outweighed by any undue prejudice. Finally, the evidence must meet the remaining requirements of Federal Rule of Evidence 403. The other stolen property evidence clearly does not cause confusion of the issues, mislead the jury or cause undue delay, waste of time, or needless presentation of cumulative evidence.

The issue of whether the court should preclude evidence regarding the alleged false insurance claim wherein Bolar sought restitution for an unpaid freight bill and repairs to the refrigeration unit on the Great Dane trailer is a bit more troublesome and is **RESERVED** for trial. Further study and evidence at trial may serve to prove the alleged false claim to be <u>intrinsic</u> to the charged offense and not subject to the

stricture of Rule 404(b).[1]

In light of the court's ruling on these issues, an evidentiary hearing on the matter will no longer be necessary prior to trial.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this 7th day of February, 2008.

JUDGE TOM STAGG

---

[1] See United States v. Hawley, --- F.3d ---, 2008 WL 239442 (5th Cir. Jan. 30, 2008).