U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

NOV 12 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES

versus

TONY BOLAR

CRIMINAL NO. 07-50059-01

JUDGE TOM STAGG

## MEMORANDUM ORDER

The Court of Appeals for the Fifth Circuit has remanded the above-captioned matter to this court for the limited purpose of determining whether the untimely filing of the defendant's notice of appeal was due to excusable neglect or good cause pursuant to Federal Rule of Appellate Procedure 4(b). See Record Document 62. This court finds that neither excusable neglect nor good cause were proven by the defendant.

Defendant, Tony Bolar ("Bolar"), was sentenced on July 24, 2008, and a judgment reflecting his sentence was entered on July 29, 2008. See Record Documents 51 and 52. Federal Rule of Appellate Procedure Rule 4(b)(1) gives a defendant in a criminal matter ten days after the entry of judgment in which to file an appeal. Rule 4(b)(4) grants an additional thirty days to appeal upon a showing to the court of excusable neglect or good cause. "In criminal cases, [the Fifth

Circuit] has customarily treated a late notice filed after the expiration of the ten-day period and before the lapse of forty days (ten plus thirty), as a motion for a determination as to whether excusable neglect entitles a defendant to an extension of time to appeal." United States v. Awalt, 728 F.2d 704, 705 (5th Cir. 1984) (citations omitted).

The guideposts of excusable neglect were laid out by the Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 113 S. Ct. 1489 (1993). Pioneer was a bankruptcy action which dealt with Bankruptcy Rule 9006; however, the Fifth Circuit has held that the factors developed are to be applied when determining excusable neglect in the context of Rule 4(b)(4). See United States v. Clark, 51 F.3d 42, 44 (5th Cir. 1995). The Pioneer factors are: "[1] the danger of prejudice to the [non-filing party], [2] the length of the delay and its [3] potential impact on judicial proceedings, [4] the reason for the delay, including whether it was within the reasonable control of the movant, and [5] whether the movant acted in good faith." Pioneer, 507 U.S. at 395, 113 S. Ct. at 1498. The Court held, however, that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." United States v. Clark, 51 F.3d at 43; Pioneer, 507 U.S. at 392, 113 S. Ct. at 1496. Pioneer further instructs that the determination of "what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant

circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395, 113 S. Ct. at 1498.

On August 23, 2008, long after the ten day delay for filing a notice of appeal had expired, Bolar's counsel filed a "Motion For Exemption From Mandatory Electronic Filing." See Record Document 54. Within that filing, Bolar's counsel noted Bolar's sentencing date of July 24, 2008, and stated that a "notice to appeal said sentence is presently due." Id. Counsel for Bolar then requested "that he be granted an exemption from mandatory electronic filing and have the documents converted to electronic form by the Clerk of Court." Id. No mention whatsoever was made within this filing of the untimeliness of the notice of appeal, nor was a request made within the filing for an extension. See id. In addition, this court ordered defense counsel to file a brief in support of excusable neglect and good cause following the remand from the Fifth Circuit. In his brief, counsel provided the following information:

> During the months of July and August our office was in the process of relocating from Caddo Parish to Bossier Parish. We experienced calendaring problems with our computers. As a result, some deadlines were inadvertently missed and previous obligations rendered untimely.
>
> In sum, we believe there exists sufficient reasons that justify good cause or excusable neglect for the untimely filing of the Notice of Appeal.

Record Document 64 at 2-3. This mere inadvertence does not constitute excusable neglect or good cause for failing to file a timely notice of appeal. If the court were to find excusable neglect in these circumstances, it is difficult to fathom under what circumstances excusable neglect would *not* be found. In addition, counsel has not illustrated that he has met any of the factors from <u>Pioneer</u> which would excuse his untimely filing. Accordingly, the court finds that Bolar did not prove excusable neglect or good cause pursuant to Federal Rule of Appellate Procedure 4.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this 12th day of November, 2008.

JUDGE TOM STAGG